NUMBER 13-09-260-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG


 

 

OLIVIA SALINAS, INDIVIDUALLY, AND Appellant,

ON BEHALF OF THE ESTATE OF 

FRANCISCA PEREZ, DECEASED, ET AL., 

 

v. 


CHRISTUS SPOHN HOSPITAL 

MEMORIAL, ET AL., Appellees.

 


On appeal from the 94th District Court 

of Nueces County, Texas.


 


MEMORANDUM OPINION



Before Chief Justice Valdez and Justices Yañez and Vela


Memorandum Opinion by Justice Vela



 Appellant, Olivia Salinas, individually, and on behalf of the estate of Francisca
Perez, deceased, and on behalf of all wrongful death beneficiaries of Francisca Perez,
deceased, including, but not limited to, Olivia Salinas, Esparanza Gonzales, Julian
Camacho and Manuel Camacho, filed suit alleging health care liability claims against
Christus Spohn Hospital Memorial, Christus Spohn Hospital Corpus Christi, Christus Spohn
Health System Corporation doing business as Spohn Memorial Hospital, Christus Spohn
Hospital Memorial, Christus Spohn Hospital Corpus Christi, Christus Spohn Health System
Corporation, Christus Spohn Health System, Spohn Memorial Hospital (collectively
"Christus Spohn"), George Magel, M.D., Danell Stuckey, M.D., Robert Caro, M.D., and
Darrick Nelson, M.D. We dismiss for lack of jurisdiction. 

 The trial court entered an order of non-suit disposing of the claims against Drs.
Magel, Stuckey, Caro, and Nelson on January 24, 2009. On February 9, 2009, the trial
court granted Spohn's plea to the jurisdiction. The order granting the plea to the
jurisdiction, when combined with the earlier order of non-suit, disposed of all parties and
issues in this case. Accordingly, the operative date for determining this Court's jurisdiction
is February 9, 2009. See Tex. R. Civ. P. 306a. On March 12, 2009, appellants
electronically filed their motion for reconsideration and new trial. Appellant's notice of
appeal was electronically filed on May 8, 2009.

 This Court sent a defect letter to appellant, notifying her that it appeared that the
notice of appeal was late because the motion for new trial was untimely. Appellant was
required to file a motion for new trial within thirty days after the judgment was signed. Id.
at R. 329b(a). Appellant's deadline for filing the motion for new trial was March 11, 2009. 
Id. at R. 4. Rule 306a(1) provides that the "date of judgment or order is signed as shown
of record shall determine the beginning of the periods prescribed by these rules for the
court's plenary power to grant a new trial . . ." Id. at R. 306a(1). Likewise, Texas Rule of
Civil Procedure 329b(a) provides that "[a] motion for new trial, if filed, shall be filed prior to
or within thirty days after the judgment or other order complained of is signed." Id. at R.
329b(a). Further, Texas Rule of Appellate Procedure 26.1 provides that the deadline for
any motion is calculated from the signing of the judgment. See Tex. R. App. P. 26.1(a).

 Appellant responded to the notice of defect, arguing that because the trial court
notified her of its grant of the plea to the jurisdiction by facsimile on February 10, 2009,
"three days were added to the time period for filing a motion for new trial." This is incorrect
because it ignores the clear dictates of rules 306a and 329b(a) of the rules of civil
procedure and rule 26.1 of the appellate rules. Similarly, appellant's reliance on the Waco
court's decision in In re Marriage of Brown,187 S.W.3d 143 (Tex. App.-Waco 2006, no
pet.) is not persuasive. In Brown, the motion for new trial was timely filed pursuant to the
mailbox rule. Id. at 144. Here, however, the motion for new trial was electronically filed
one day late. An untimely filed motion for new trial does not extend the deadline for
appeal. See Tex. R. Civ. P. 329b(a) (providing that a motion for new trial "shall" be filed
within thirty days after the judgment is signed). 

 Because the motion for new trial was untimely, appellant's notice of appeal was also
untimely. See Tex. R. App. P. 26.1(a). Therefore, we are without jurisdiction to consider
this appeal and dismiss the cause for lack of jurisdiction. 

 

 ROSE VELA

 Justice



Delivered and filed the 25th 

day of February, 2010.